USOL GOTHARD, Judge.
Plaintiffs appeal the judgment of the trial court granting defendants’ Exception of Prescription and Alternative Motion for Involuntary Dismissal, and dismissing the matter with prejudice. For the following reasons, we reverse and remand the matter for further proceedings.
This matter arises out of a motor vehicle accident which occurred on March 30, 2002. On March 31, 2003, plaintiffs submitted a Petition for Damages to the Jefferson Parish Clerk of Court via facsimile transmission. On April 1, 2003, the Clerk of Court for Jefferson Parish forwarded to plaintiffs a Facsimile Filing Acknowledgement. The Clerk’s Office received the original signed petition and a check from plaintiffs on April 7, 2003.
On January 9, 2004, defendants filed an Exception of Prescription, Alternative Motion for Involuntary Dismissal, arguing that plaintiffs’ March 31, 2003 facsimile petition had no force and effect because plaintiffs failed to submit the applicable filing fees mandated by La.R.S. 13:850. Defendants further asserted that since plaintiffs’ original petition was not filed until April 7, 2003, more than one year after the accident, plaintiffs’ claims had prescribed. Alternatively, defendants argued that plaintiffs’ petition should be dismissed because service had not been requested within the ninety day period mandated by La.C.C.P. art. 1201(C).
[3On February 26, 2004, the trial court rendered judgment in favor of defendants, granting their Exception of Prescription as well as the Alternative Motion for Involuntary Dismissal, and dismissing plaintiffs’ claims with prejudice. It is from this judgment that plaintiffs are appealing.
The first issue presented for our review is whether the trial court erred by granting defendants’ Exception of Prescription. Prescription
The statute which governs filing via facsimile transmission is La.R.S. 13:850, which provides in pertinent part:
A. Any paper in a civil action may be filed with the court by facsimile transmission ... Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
The fax transmission of plaintiffs’ petition was filed by the Clerk of Court at 4:46 p.m. on March 31, 2003[1] and the Clerk of Court subsequently transmitted a receipt to plaintiffs. In the Clerk of Court’s Fac *1159 simile Filing Acknowledgement, plaintiffs-were instructed as follows:
Per R.S. 13:850, please remit the original pleading within 5 days of faxing to the Jefferson Parish Clerk of Court with funds in the amounts listed below:
Check payable to “Jefferson Parish Clerk of Court”: $315.00
Check payable to “Orleans Parish Civil Sheriff”: $ ,20.00
Check payable to “Louisiana Secretary of State”: $ 25.00
Check payable to “East Baton. Rouge Sheriff’: $ 25.04
|4On Monday, April 7, 2003, within the mandated five day period, the Clerk of Court received plaintiffs’ original petition and payment of the filing and transmission' fees. However, plaintiffs did not pay service fees, totaling $70.04.
Defendants argue in brief that because plaintiffs failed to remit all fees requested by the Clerk of Court, within five days after the fax filing, plaintiffs’ fax filing is without force or effect. Therefore, plaintiffs’ claims are prescribed because the original petition was filed after the prescription date.
It is well settled that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of the intent of the legislature. Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 04-0211, 04-0212 (La.3/18/04), 867 So.2d 651, 657 citing New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223 (La.4/10/95), 653 So.2d 538, 544.
It is clear that compliance with the provisions of Subsection B of La.R.S. 13:850 are mandatory in order for a facsimile filing to have force and effect. Subsection B provides that the filing party “shall” submit the original signed document, applicable filing fee, and a $5 transmission fee, to the clerk of court within five days, exclusive of legal holidays, after the clerk of court has received the transmission. It does not mandate the payment of other fees, such as service fees.
Subsection C clearly provides that the various districts “may” provide .by court rule for other matters related to facsimile filings. Failure to follow the provisions of Subsection C, which are not mandatory, does not invalidate the force and effect of fax-filed petitions once the requirements of Subsection B are met.
| ^Because plaintiffs met the mandatory requirements of La.R.S. 13:850, their fax filing on March 31, 2003 was given force and effect and prescription was interrupted.
Therefore, we find that the trial court erred in granting defendants’ Exception of Prescription.

Involuntary Dismissal

The second issue presented for our review is whether the trial court erred by granting defendants’ Motion for Involuntary Dismissal.
La.C.C.P. art. 1201(C) provides in pertinent part that “[sjervice of the citation shall be requested on all named defendants within ninety days of commencement of the action.”
La.C.C.P. art. 1672(C) provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court’s own *1160 motion, unless good cause is shown why-service could not be requested, in which case the court may order that service be effected within a specified time.
The record includes a copy of the Petition for Damages which plaintiffs filed at the commencement of this action. In said petition, plaintiffs requested service on defendants. Therefore, we find that plaintiffs requested service within the ninety day period mandated by La.C.C.P. art. 1201(C) and that the trial court erred by granting defendants’ motion for involuntary dismissal of plaintiffs’ suit.
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed to the defendants.

REVERSED AND REMANDED.

. Although the motor vehicle accident occurred on March 30, 2002, March 30th fell on a Sunday in 2003. Therefore, the March 31, 2003 filing was timely.